**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TAMMY JO LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAC HOME LOANS SERVICING, L.P.; | ) | |
| THE BANK OF NEW YORK MELLON | ) | |
| f/k/a THE BANK OF NEW YORK AS | ) | |
| TRUSTEE FOR THE | ) | |
| CERTIFICATEHOLDERS CWMBS, INC. | ) | CASE NO: 11-cv-01308 |
| CHL MORTGAGE PASS-THROUGH | ) | |
| TRUST 2004-HYB9, MORTGAGE PASS- | ) | |
| THROUGH CERTIFICATES SERIES, | ) | |
| 2004-HYB9; SHUPING, MORSE & ROSS | ) | |
| LLP; S. ANDREW SHUPING, JR.; | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC.; and | ) | |
| JOHN & JANE DOES 1-100 | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED MOTION BY THE SERVICING DEFENDANTS[1]
TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Bank of America, Bank of New York and MERS (collectively "the Servicing

Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby

respectfully request that the Court dismiss the Complaint filed by Plaintiff Tammy Jo Long

("Long") for failure to state a claim. In support of their motion, the Servicing Defendants state

as follows:

---

[1] The Servicing Defendants include Bank of America, N.A., successor by merger to BAC Home
Loans Servicing, L.P. ("Bank of America"); the Bank of New York Mellon ("Bank of New
York"); and Mortgage Electronic Registration Systems, Inc. ("MERS").

## I.  INTRODUCTION

1.  On February 24, 2011, Long filed a four-count complaint against the defendants in the above-captioned matter.

2.  Long's Complaint arises out of her purchase of real property in Georgia, a transaction for which she borrowed $650,000 from Countrywide Home Loans, predecessor in interest to Bank of America.  The parties to that transaction executed a promissory note ("Note") in that amount and Long pledged the property as security for the loan via a Security Deed.  She subsequently defaulted.  Copies of the Note and Security Deed are attached hereto as Exhibits A and B, respectively, and are subject to judicial notice.[2]

3.  The four counts in Long's Complaint assert claims, respectively, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962, the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 ILCS 510 *et. seq.*, the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505 *et. seq.*, and the Fair Credit Reporting Act ("FCRA").

4.  This court recently dismissed a virtually identical complaint that Long filed in a virtually identical action.  *See Long, et. al. v. One West Bank, FSB, et. al.*, 2011 WL 3796887, No. 11-C-703 (N. D. Ill. Aug. 24, 2011), a copy of which is attached hereto as Exhibit C.

---

[2] The Note is subject to judicial notice because it is referred to in the complaint (see, *e.g.*, Complaint ¶ 16) and is central to Plaintiff's claims. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.") (quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)). The Security Deed is subject to judicial notice for the same reason, but also for the additional reason that it is a recorded public record. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (approving consideration of prior state court documents attached to defendant's Fed. R. Civ. P. 12(b)(6) motion as judicially noticeable public records).

## II.     STANDARD OF LAW

5.     A court is not required to accept a plaintiff's legal conclusions when considering a 12(b)(6) motion. Additionally, a complaint's factual allegations must consist of something more than mere "labels and conclusions" in order for it to survive such a motion. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.    ARGUMENT

### A.     LONG'S ALLEGATIONS THAT THE ASSIGNMENT OF HER NOTE AND SECURITY DEED WAS INVALID ARE IRRELEVANT AND MERITLESS.

6.     Long alleges that the assignment of her Note and Security Deed was invalid. The alleged invalidity of that assignment, however, has no relevance to Long's claims against the Servicing Defendants, brought pursuant to the FDCPA, the IUDTPA, the ICFA and the FCRA, which are not premised on the alleged invalidity of that assignment. In fact, these allegations, to the extent that they are even relevant, are simply recycled variants of the same allegations this court summarily rejected in *Long*. The Court should do the same here.

7.     First, Long asserts that MERS, as nominee for Countrywide, could not have assigned its interests in the Note and Security Deed to Bank of New York, as all of those entities claim, because Countrywide had merged into Bank of America by the time of the assignment and ceased to exist as an independent entity capable of assigning interests.

8.     This allegation is not only irrelevant, it is meritless, as this court determined in *Long. Id* at *3.[3]

---

[3] *Long* also concerned a mortgage loan on which Long defaulted. In her ensuing lawsuit against her loan servicer, Long challenged the validity of MERS's assignment of the promissory note

9.      Long also cites certain alleged "defects" in the assigned documents as evidence that the assignment was invalid. Yet, as this court noted in *Long*, the Complaint does not "cite to any precedent that shows that such conditions are required in order to render the purported copy of the Note valid." *Id* at *3.

10.      Finally, Long challenges the assignment on the ground that it allegedly violated the terms of the applicable Pooling & Servicing Agreement ("PSA"). To the extent that Long seeks to base claims on violations of the PSA, she was not a party to it and therefore "lack[s] any standing to assert such claims." *Id* at *4. Additionally, Long has "also not cited any precedent holding that an assignment is invalid simply because it conflicts with a PSA and it is irrelevant to the validity of the assignment whether or not it complied with the PSA." *Id.*

11.      Accordingly, to the extent that any of Long's claims against the Servicing Defendants are premised on the alleged invalidity of the assignment of her Note and Security Deed, those claims should be dismissed.

### B.      THE COMPLAINT FAILS TO STATE A COGNIZABLE FDCPA CLAIM AND COUNT I SHOULD THEREFORE BE DISMISSED.

12.      Count I of the Complaint alleges that the defendants violated the FDCPA by making "false and deceptive collection communications."

---

and Security Deed in question. Specifically, Long argued that the mortgagee was bankrupt at the time of the assignment and therefore incapable of assigning interests. The Court rejected these assertions, noting that the deed in question specifically provided that MERS, not the mortgagee, was the grantee and therefore had the ability to assign interests in the instruments. Accordingly, the mortgagee's capacity to assign (or alleged lack thereof) was irrelevant. This case is no different. Plaintiff challenges the validity of MERS's assignment of her Note and the Security Deed to Bank of New York on the ground that Countrywide, her mortgagee, could not independently assign interests at the time of the transaction because it had already merged into Bank of America. Countrywide's alleged incapacity to assign the Note is irrelevant. The Security Deed specifically provides that MERS, not Countrywide, is the grantee and thus has the ability to assign interests in the instruments, which is precisely what it did. Just as it did in *Long*, the Court should reject Plaintiff's baseless assertions to the contrary.

13.     BAC cannot be held liable for FDCPA violations because it is a creditor, and therefore is not subject to the FDCPA. Long's only pleadings to the contrary consist of: 1.) an erroneous and unsubstantiated legal assertion that BAC is a debt collector within the meaning of the FDCPA; and 2.) a generalized and conclusory factual allegation that defendants have collectively "failed to cease collections of the unverified debt." As such, neither is sufficient to state a viable FDCPA claim and Count I of the Complaint should be dismissed.

14.     Additionally, just like in *Long*, here, nowhere in the Complaint does Long identify any communications from the Servicing Defendants that could have violated the FDCPA. "[A]lthough [Long] make[s] conclusory references to communications from Servicing Defendants that allegedly violated the FDCPA, [Long] fail[s] to provide any facts concerning such communications to plausibly suggest a violation of the FDCPA." *Id* at *5. Accordingly, Count I should be dismissed.

### C.     THE COMPLAINT FAILS TO STATE A COGNIZABLE IUDPTA CLAIM AND COUNT II SHOULD THEREFORE BE DISMISSED.

15.     Count II of the Complaint alleges that the defendants violated the IUDTPA when they allegedly "caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services" under 815 ILCS 510/2(a)(2).

16.     The sole portion of the IUDTPA that Long invokes in Count II—815 ILCS 510/1-7—is inapposite to her factual allegations. It addresses commercial defamation, not consumer fraud. "Essentially, the statute codifies the common-law tort of commercial disparagement." *Fedders Corp. v. Elite Classics,* 268 F. Supp. 2d 1051, 1064 (S.D. Ill. 2003). Some plaintiffs have, on occasion, attempted to use the IUDTPA as a kind of second consumer fraud act, but courts have rejected these attempts. *See, e.g., Greisz v. Household Bank (Ill.),* 8 F. Supp. 2d 1031, 1044 (N.D. Ill. 1998) (calling a consumer's invocation of the IUDTPA, along with other

causes of action under TILA, RESPA, etc., as "throw[ing in] the proverbial kitchen sink"), *aff'd*, 176 F.3d 1012 (7th Cir. 1999). This Court should likewise reject Long's attempt here.

**D.  THE COMPLAINT FAILS TO STATE A COGNIZABLE ICFA CLAIM AND COUNT III SHOULD THEREFORE BE DISMISSED.**

17.  Count III of the Complaint alleges that the defendants violated the ICFA.

18.  Because Long does not identify a single instance where one of the Servicing Defendants allegedly communicated with her, her claim that the Servicing Defendants somehow defrauded her would fail even under a notice pleading standard.

19.  To state an ICFA claim however, Long must meet the much higher standard of particularity required by Fed. R. Civ. P. 9(b). *See, e.g., Ellis v. Allstate Ins. Co.*, 479 F. Supp. 2d 782, 790 (N.D. Ill. 2006); *see also MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 793 (N.D. Ill. 2010) ("Claims based on deceptive practices under the Consumer Fraud Act sound in fraud and so, when brought in federal court, must be pled with particularity.").

20.  Long nowhere identifies who said what, when, or how. Like the plaintiff in *Ellis*, Long fails to "identify specific statements" made at any time, let alone by any of the Servicing Defendants. Accordingly, Count III should be dismissed.

**E.  THE COMPLAINT FAILS TO STATE A COGNIZABLE FCRA CLAIM AND COUNT IV SHOULD THEREFORE BE DISMISSED.**

**1.  15 U.S.C. § 1681s-2(a)(3) provides no private right of action.**

21.  Long makes a throw-away allegation that the defendants violated "15 U.S.C. § 1681s2(a)(3)." This claim is frivolous. There is no private right of action for a consumer to sue under § 1681s-(2)(a); the statute explicitly says that subsection (a) can only be enforced by federal administrative agencies. *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).

### 2. FCRA provides no private right of action for false credit reports.

22. Some portions of the FCRA allow a private right of action, and others do not. Here, Plaintiff alleges (among other things) that the defendants submitted false information to credit reporting agencies. As an initial matter, Plaintiff does not specify who submitted the information, or what about the information was false.

23. Even assuming the Court reached the legal merits, the claim would fail anyway because submitting false information to credit reporting agencies is not actionable, even by consumers. "Under § 1681s-2, furnishers may not provide inaccurate information to consumer reporting agencies, 15 U.S.C. § 1681s-2(a)(1), and also have specific duties in the event of a dispute over furnished information, id. § 1681s-2(b). Only the second of these duties is subject to a private cause of action." *Chiang v. Verizon New England, Inc.,* 595 F.3d 26, 35 (1st Cir. 2010).

### 3. Long does not allege she disputed the debt with the credit-reporting agency.

24. The rest of the FCRA claims, brought under § 1681s-2(b), do at least allow for a private right of action, but they each require, as a trigger, that the furnisher of credit information, *i.e.*, one of the defendants, be informed of the dispute by the consumer reporting agency. "Even though § 1681s-2(b) creates a private cause of action by a consumer against a furnisher of information, the consensus of the courts is that this private cause of action is not triggered until *after* the furnisher of information receives notice of the dispute *from a consumer reporting agency*, not just the consumer." *Vazquez- Garcia v. Trans Union de Puerto Rico,* 222 F. Supp. 2d 150, 158 (D.P.R. 2002) (emphases in original) (collecting cases). *See also Rollins v. Peoples Gas Light & Coke Co.,* 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005); *Elmore v. North Fork Bancorporation, Inc.,* 325 F. Supp. 2d 336, 340 (S.D.N.Y. 2004) (the right of action under

1681s-2(b) "exists only for violations post-dating the furnisher's receipt of a report *from the credit reporting agency.* If Congress had meant to create liability for violations once the furnisher had notice from any source of the existence of a dispute, it would have been a simple matter to say so.") (emphasis in original).

25.    Long alleges that she contacted defendants directly, not that she disputed the debt with the reporting agencies themselves. Specifically, she alleges that "Defendants were served with valid disputes and demands for verification and validation of the alleged debt on numerous occasions by Plaintiff Long." Long could not be clearer that she disputed the debt with the Defendants, not the agency.

26.    In such circumstances, no FCRA claim is pled because the right to relief is only triggered by the agency reporting the dispute directly to the creditor. For example, in *Dornhecker v. Ameritech Corp.,* 99 F. Supp. 2d 918, 928 (N.D. Ill. 2000), the plaintiff alleged that he had disputed the debt with *both* the creditor *and* the consumer-reporting agency in much more specificity than Long has done here. The court still dismissed the FCRA claim because the plaintiff had not alleged that the agency ever communicated the dispute to the creditor. Long's claims are even more deficient because she does not allege she ever disputed the debt with the agency, much less that the agency then ever communicated that dispute to one of the unspecified defendants.

27.    Accordingly, because no portion of Count IV states a viable claim under FCRA, it be dismissed in its entirety.

## IV.    CONCLUSION

28.    Long's Complaint does not state a single actionable claim against the Servicing Defendants and should therefore be dismissed in its entirety and with prejudice.

WHEREFORE, Defendants Bank of America, Bank of New York and MERS respectfully request that the Court dismiss the claims asserted against them in the Complaint with prejudice.

Dated:  September 22, 2011                    Respectfully submitted,

                                             BANK OF AMERICA, N.A.,
                                             SUCESSOR BY MERGER TO
                                             BAC HOME LOANS SERVICING, L.P.;
                                             BANK OF NEW YORK MELLON;
                                             MORTGAGE ELECTRONIC
                                             REGISTRATION SYSTEMS, INC.


                                             By:    /s/ Angad S. Nagra
                                                    One of Their Attorneys

Gary S. Caplan
Angad S. Nagra
REED SMITH LLP
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
(312) 207-1000
Firm I.D.: 44486

## CERTIFICATE OF SERVICE

I, Angad S. Nagra, an attorney for defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., Mortgage Electronic Registration Systems, Inc., and the Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders CWMBS, Inc., CHL Mortgage Pass-Through Trust 2004-HYB9, Mortgage Pass-Through Certificates Series, 2004-HYB9, hereby certify that on the 22nd day of September, 2011, I electronically filed the foregoing **AMENDED MOTION BY THE SERVICING DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF System which sent notification of such filing to the following:

Robert K. Lock, Jr., Esq.
7144 North Harlem Avenue, Suite 323
Chicago, IL 60631
773.685.8499 Phone
206.338.6036 Facsimile
debtlawyer@comcast.net
*Attorney for Plaintiff Tammy Jo Long*

Bradley Steven Levison
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603-5001
312.704.0550 Phone
312.704.1522 Facsimile
bradley.levison@wilsonelser.com
ryan.buoscio@wilsonelser.com
*Attorney for defendants Shuping, Morse & Ross,*
*LLP and Andrew Shuping, Jr.*

Stefan R. Dandelles
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603-5001
312.281.6146 Phone
312.704.1522 Facsimile
stefan.dandelles@wilsonelser.com
terri.pedersen@wilsonelser.com
*Attorney for defendants Shuping, Morse & Ross,*
*LLP and Andrew Shuping, Jr.*

_____ s/ Angad S. Nagra _____

US_ACTIVE-107320371.1-ASNAGRA